Filed 12/22/15  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063492 |
| v. | (Super.Ct.No. SWF1400678) |
| AARON ALEXANDER HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.  Affirmed.

Thea Greenhalgh, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Aaron Alexander Hernandez pled guilty to one felony count of receiving stolen property (Pen. Code, § 496, subd. (a), count 1) and admitted a strike prior (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).[1] The trial court imposed a low term sentence of 16 months in state prison, doubled to 32 months for the strike prior.

California voters later passed Proposition 47, which converted receipt of stolen property into a misdemeanor where the value of the stolen property does not exceed $950. (§ 496, subd. (a).) Hernandez used a new procedure (§ 1170.18, subd. (a)) to petition for resentencing, but the trial court denied his petition on the ground Hernandez did not show the value of the stolen property did not exceed $950.

On appeal, Hernandez contends the prosecution had the burden of showing the value of the stolen property exceeded $950 because the record of conviction is silent as to its value. Defendant asks us to reverse the order denying his petition and direct the trial court to grant the petition.

We affirm.

# I

## FACTUAL BACKGROUND

On February 13, 2014, prosecutors charged Hernandez with felony receipt of stolen property (§ 496, subd. (a)) and misdemeanor unauthorized entry of property (§ 602.5, subd. (a)). The complaint alleged defendant "wilfully and unlawfully receive[d]

---

[1]    Unlabeled statutory citations refer to the Penal Code.

2

. . . CASH AND ID CARDS OF SUZANNE A., which said property had been obtained by theft, knowing said property had been so obtained, and did conceal and withhold and aid in concealing and withholding said property from the owner." On March 12, 2014, Hernandez pled guilty to the felony receipt of stolen property count and admitted his prior conviction for attempted robbery constituted a strike prior. Consistent with the plea agreement, the trial court dismissed the misdemeanor count, sentenced Hernandez to 16 months in state prison, and doubled the term to 32 months because of the strike prior.

On November 4, 2014, after Hernandez began serving his sentence, Proposition 47 amended section 496, subdivision (a) to reduce certain felonies, including receipt of stolen property, to misdemeanors "if the value of the [stolen] property does not exceed nine hundred fifty dollars ($950)." (§ 496, subd. (a).) On November 24, 2014, Hernandez filed a petition for resentencing. His petition identifies his conviction as being for a violation of section 496, subdivision (a), but does not address the value of the stolen property.

On April 10, 2015, the trial court held a hearing on the petition. Near the outset, the trial court indicated "the defense [has] the burden of establishing a prima facie showing that the defendant would qualify for the relief requested before any burden would then shift to the prosecution." Defense counsel acknowledged the burden to "state a prima facie basis for relief" and represented that "the only evidence available to me to present to the court is the charging document and the *Tahl*[2] waiver." Defense counsel

---

[2]     *In re Tahl* (1969) 1 Cal.3d 122.

asked the court to take judicial notice of those documents. The complaint against Hernandez says only that he received cash and identity cards of a person named Suzanne A., knowing the property had been obtained by theft, and kept the property from her. At the plea hearing, defendant admitted the same facts, without elaboration. Defendant's waiver form is also silent on the value of the property.

The trial court denied the petition on the ground defendant did not carry his burden of showing he was eligible for resentencing under section 1170.18, subdivision (a).

## II

## DISCUSSION

Defendant contends he was eligible to be resentenced unless the prosecution established the value of the stolen property exceeded $950. Since the prosecution presented no evidence on that point, and the record of conviction was silent, he argues he was entitled to be resentenced. We disagree.

This case requires us to construe the language of an initiative measure, Proposition 47. The same principles that govern construction of a statute enacted by the Legislature apply to construing a voter initiative. (*Taxpayers for Accountable School Bond Spending v. San Diego Unified School Dist.* (2013) 215 Cal.App.4th 1013, 1025-1026, 1056.) If the statutory language is not ambiguous, the plain meaning governs. (*Id.* at p. 1025.) Our review involves a pure question of law and is therefore de novo. (*Id.* at p. 1026.)

An offender who is currently serving a felony sentence for receiving stolen property (§ 496, subd. (a)) may qualify to have his sentence recalled and to receive a misdemeanor sentence where the facts show his offense has been reclassified as a

4

misdemeanor (§ 1170.18, subd. (a) [listing § 496 among statutes amended or added by Proposition 47]; § 1170.18, subd. (b)). At the time of his conviction, the prosecution was permitted to plead and prove receipt of stolen property as a felony regardless the value of the stolen property. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) As amended by Proposition 47, section 496, subdivision (a) now specifies that "if the value of the [stolen] property does not exceed nine hundred fifty dollars ($950), . . . the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." Thus, defendant would be eligible for resentencing if the value of the stolen property in his case did not exceed $950. (See *People v. Shabazz*, *supra*, at p. 308.)

However, it is a well-settled principle that "'[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.' [Citation.]" (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*); see also Evid. Code, § 500 ["a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief . . . that he is asserting"].) Consistent with this principle, "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow*, *supra*, at p. 878.) Where, as in this case, the critical factual issue is the value of stolen property, defendant must "show the property loss . . . did not exceed $950." (*Id.* at p. 877.)

Defendant did not present evidence to meet this burden. Defendant's petition did not allege or cite evidence that the value of the property was under $950. At the hearing on the petition, defense counsel offered no evidence related to the value of the stolen

5

property. Instead, defense counsel asked the trial court to take judicial notice of the complaint and the waiver form from defendant's plea agreement, both silent on the question of the value of the property. Having failed to present such evidence, defendant failed to meet his burden of showing his felony conviction would have been a misdemeanor had Proposition 47 been in effect at the time of his conviction. The trial court therefore properly denied defendant's petition. (§ 1170.18, subd. (b) ["the court shall determine whether the defendant satisfies the criteria in subdivision (a)"].)

Defendant contends *People v. Guerrero* (1988) 44 Cal.3d 343 and similar cases relieve him of the burden of proof precisely because the record of conviction is silent regarding the value of the stolen property. Defendant's argument is simple, but misguided. According to the Supreme Court in *Guerrero*, where the facts are limited to the record of conviction in a prior case and the record "does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable." (*Id.* at p. 352.) The principle articulated in *Guerrero* is not applicable in Proposition 47 resentencing cases. In *Guerrero*, the California Supreme Court recognized courts have applied a presumption in favor of the least offense punishable where the prosecution sought to enhance a current sentence based on the facts of a prior case. In such cases the *prosecution* has the burden of establishing enhancements apply. (*People v. Towers* (2007) 149 Cal.App.4th 1066, opn. mod. 150 Cal.App.4th 1273, 1277 ["The prosecution bears the burden of proving beyond a reasonable doubt that a defendant's prior convictions were for either serious or violent felonies"].) As a result, any failure of evidence defeats the ability of the prosecution to

6

meet its burden to show the prior offense was subject to greater punishment, triggering an enhancement. Here, as we have discussed, the defendant is seeking relief and the defendant therefore must carry the burden of showing eligibility. In that setting, the failure of proof cuts against defendant.

Defendant contends *People v. Bradford* (2014) 227 Cal.App.4th 1322 supports relieving him of the burden of proof. We disagree. In *Bradford*, the Third District held that under the Three Strikes Reform Act of 2012 the prosecution was not permitted to go outside the record of conviction to establish a defendant is ineligible for resentencing on the basis of the nature of his conviction. (*People v. Bradford*, *supra*, at p. 1339.) The *Bradford* court did not relieve the defendant of his burden of presenting evidence to support his petition. On the contrary, the court indicated "the petitioner would be well advised to address eligibility concerns in the initial petition for resentencing." (*Id.* at p. 1341.) Here, defendant did not raise such issues and did not offer testimony or other evidence concerning the value of the stolen property. (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) "A proper petition could certainly contain at least [petitioner's] testimony about the nature of the items taken. If he made the initial showing the court [could] take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*) Without such a showing, the trial court did not err in deciding that defendant had not established his eligibility for resentencing.

# III

## DISPOSITION

We affirm the order denying defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
P. J.


We concur:


HOLLENHORST
J.


McKINSTER
J.


8